UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON HUKILL, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 06-CV-0662-CVE-PJC |
| | ) |
| OKLAHOMA NATIVE AMERICAN | ) |
| DOMESTIC VIOLENCE COALITION, | ) |
| d/b/a SPIRITS OF HOPE, NICK DOOLEY, | ) |
| CHARLOTTE JOHNS, JEANIE JONES, | ) |
| ANGELA KNIFE CHIEF, JAMIE LEVERETT, | ) |
| AND PAULINE MUSGROVE, | ) |
| | ) |
| | ) |
|       **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is Defendants The Oklahoma Native American Domestic Violence Coalition and Pauline Musgrove's Combined Motion to Set Aside Default Judgment & Brief in Support; and Motion to Stay Enforcement of Default Judgment & to Continue Cost Hearing Set for 9/7/07 (Dkt. # 48). Defendants The Oklahoma Native American Domestic Violence Coalition, d/b/a Spirits of Hope ("Spirits of Hope"), and Pauline Musgrove ("Musgrove") request the Court to set aside as to them the default judgment for $111,311.82, plus post-judgment interest, entered against Spirits of Hope, Musgrove, and the remaining defendants on July 25, 2007 (Dkt. # 35).[1] Spirits of Hope and Musgrove (collectively "defendants") argue that the default judgment is void as to them

---

[1] Spirits of Hope and Musgrove also request the Court to stay enforcement of the default judgment and reschedule the cost hearing. In an order dated August 31, 2007 (Dkt. # 53), the Court struck the cost hearing and ordered that it be reset, if appropriate, within five days of this Opinion and Order.

because of improper service. For the reasons set forth herein, the Court finds that defendants' motion should be **denied**.

**I.**

Spirits of Hope, a nonprofit organization, discharged employee Sharon Hukill ("Hukill") on December 6, 2004. Dkt. # 54, at 2. Hukill subsequently filed suit in Oklahoma district court. Id. Raymond Vincent ("Vincent") represented defendants in this state court case. Id. In October 2006, Hukill voluntarily dismissed the suit. Id.

Hukill then filed the instant action in this Court on December 5, 2006, alleging that Spirits of Hope, Musgrove,[2] and other board members and officers terminated Hukill in violation of 20 U.S.C. § 1681 and 42 U.S.C. §§ 1981 and 2000d. Before attempting service, Hukill's counsel spoke with Vincent. Dkt. # 54-4, Affidavit of Steven W. Simcoe. Plaintiff's counsel asked if Vincent would accept service of process on behalf of defendants. Id. On March 9, 2007, Vincent informed plaintiff's counsel that "he had spoken with his client to inform them [sic] of the pendency of the action, and that the client would not authorize him to accept service on its behalf." Id.

Consequently, plaintiff attempted to serve defendants by registered, certified mail, return receipt requested. Dkt. # 48-3, at 2; Dkt. # 48-4, at 2. Plaintiff addressed one summons to Spirits of Hope, c/o of Pauline Musgrove,[3] and the other to Pauline Musgrove, c/o Spirits of Hope. Dkt.

---

[2]   Defendant Musgrove was the Executive Director of Spirits of Hope from December 2004 until July 2007. Dkt. # 48-2, Affidavit of Pauline Musgrove, at 1.

[3]   The Court notes that the parties incorrectly assume that both PS Forms 3811, Domestic Return Receipts had Item 4 (Restricted Delivery) checked. This is incorrect. The return receipt addressed to Spirits of Hope did not specify restricted delivery, whereas the one addressed to Musgrove did. Compare Dkt. # 48-3, with Dkt. # 48-4. This discrepancy is irrelevant to the analysis, however, as discussed infra.

# 48-3, at 2; Dkt. # 48-4, at 2.[4] The United States Postal Service ("USPS") did not enforce the restricted delivery to Musgrove, however, and one "L. Vollintine" signed both return receipts. Dkt. # 48-3, at 2; Dkt. # 48-4, at 2. At the time L. Vollintine signed the return receipts, she was not an employee, officer, board member, or director of either defendant. Dkt. # 48-2, Affidavit of Pauline Musgrove, at 2. Musgrove also maintains that "L. Vollintine is not and has never been an agent authorized to receive process" for either defendant. Id. Defendants claim that they did not waive service, and that none of the other parties served by plaintiff were employees, officers, directors, or agents of defendants at the time plaintiff filed her complaint or attempted service. Id. Accordingly, defendants request that the Court set aside the default judgment.

## II.

Default judgments are not favored, as the preferred practice is to decide cases on their merits. Katzson Bros., Inc. v. United States Envtl. Prot. Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). Fed. R. Civ. P. 55(c) provides that "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."[5] The moving party bears the

---

[4] See ONADVC: The Oklahoma Native American Domestic Violence Coalition, Contact Us, http://www.onadvc.com/contact.htm (last visited Oct. 4, 2007). The Court cites Spirits of Hope's website only to clarify Musgrove's statement that "the address listed on the Return of Service (3701 SE 15th Street, Suite 208, Del City, OK 73115) is not my abode or place of dwelling but is instead a business address). Dkt. # 48-2, Affidavit of Pauline Musgrove, at 2 (emphasis added).

[5] Throughout their motion, defendants argue that good cause exists to set aside the default judgment. However, the good cause standard applies to motions to set aside default entered by the court clerk. In this case, defendants are asking the Court to set aside a default judgment, and the Court must apply the more stringent "excusable neglect" standard of Fed. R. Civ. P. 60(b). Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).

3

burden to prove that the default judgment should be set aside. <u>Nikwei v. Ross Sch. of Aviation, Inc.</u>, 822 F.2d 939, 941 (10th Cir. 1987). The Tenth Circuit has directed that "the trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action." <u>Gomes</u>, 420 F.3d at 1366. In sum, three requirements must be satisfied before a default judgment is set aside: "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." <u>United States v. Timbers Preserve, Routt County, Colorado</u>, 999 F.2d 452, 454 (10th Cir. 1993).

### A. Culpable Conduct

A defendant cannot be accused of "culpable conduct" if the default judgment is void under Rule 60(b)(4). A default judgment is void if the court lacked jurisdiction due to improper service. <u>See</u> <u>United States v. Buck</u>, 281 F.3d 1336, 1344 ("A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." (internal quotation marks and citation omitted)). Defendants argue that their failure to file responsive pleadings was not culpable, but caused by plaintiff's improper service. According to defendants, plaintiff failed to strictly comply with Federal rules and

Oklahoma statutes prescribing the manner of service.[6]  Oklahoma statute requires that "service by mail shall be accomplished by . . . certified mail, return receipt requested and delivery restricted to the addressee."[7]  Id. at 6 (quoting Okla. Stat. tit. 12, § 2004(C)(2)(b)) (internal quotation marks omitted).  Defendants emphasize that: delivery was not restricted to Musgrove and one L. Vollintine signed the return receipt card;  plaintiff failed to effectively serve Musgrove at a business location as set forth in Graff v. Kelly, 814 P.2d 489, 493 (Okla. 1991); and defendants did not waive service of process, receive personal service, or appoint an agent who actually received service on their behalf.  Dkt. # 48, at 6.

The Court disagrees with defendants' arguments.  Under these particular circumstances, defendants cannot use USPS' failure to enforce the "restricted delivery" as a means of vacating default judgment.  First, Graff is distinguishable because Graff involved personal delivery of notice

---

[6]  Defendants quote Fed. R. Civ. Proc. 4(e) and 4(h)(1), describing service upon an individual and corporation respectively.  The Court notes that defendants improperly emphasize subsection (e)(2), which governs personal delivery of service – not service via certified mail.  See Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005) (holding that the validity of service by certified mail turns not on the specifications of Rule 4(e) but on the relevant state statutory provisions).  Thus, the Court will assume defendants intended to emphasize Rule 4(e)(1), incorporated by reference in Rule 4(h)(1), which provides that service should be in accordance with Oklahoma statute.

[7]  Defendants also assert that "service by mail shall not be the basis for a default unless the 'record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant.'"  Dkt. # 48, at 6 (quoting Okla. Stat. tit. 12, § 2004(C)(2)(c)) (emphasis in original).  Subsection (c) pertains to the issuance and setting aside of default judgments, however.  The Federal rules defer to Oklahoma law only in regard to the manner of service, not in regard to default judgment.  Compare Fed. R. Civ. Proc. 4(e)(1) ("Unless otherwise provided by federal law, service upon an individual . . . may be effected . . . pursuant to the law of the state in which the district court is located . . . for the service of summons . . . ."), with Fed. R. Civ. Proc. 60(b) (outlining grounds for setting aside judgment), and Timbers Preserve, 999 F.2d at 454 (providing three-part test).  Therefore, the Court finds that § 2004(C)(2)(c) is not controlling here.

– not service via certified mail. See 814 P.2d at 491-92. Second, to the extent Graff may apply, it explicitly replaced strict compliance with the substantial compliance doctrine. Id. at 495; see Bomford v. Socony Mobil Oil Co., 440 P.2d 713, 718 (Okla. 1968) ("No rigid formula exists as to the kind of notice that must be sent; the notice required will necessarily vary with the circumstances and conditions . . . ."); Williams v. Egan, 308 P.2d 273, 276-77 (Okla. 1957) ("[W]e cannot subscribe to the contention that it is an absolute requisite to good and valid service that defendants actually receive a copy of the summons and petition in order to vest jurisdiction in the courts of this state, . . . as to do so would destroy the intent and purpose of the law.").

The Oklahoma Supreme Court has held that where a plaintiff fails to strictly comply with the statutory requirements for service, a court must assess whether the "found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice." Shamblin v. Beasley, 967 P.2d 1200, 1209 (Okla. 1998). To comport with due process, a third party's receipt of notice must evidence a reasonable probability that the individual who was not personally served nonetheless received actual notice. Id. With respect to the third party's identity, "[a] finding of agency is neither critical nor indispensable to the constitutional standard for measuring the reasonable probability of actual notice reaching the intended party." Id. at 1210. While "actual notice cannot by itself be sufficient" to establish proper service, Graff, 814 P.2d at 495 (emphasis added), if the service substantially complies with Okla. Stat. tit. 12, § 2004(C)(2)(b), the due process standards of fair play and substantial justice are not offended. Further, courts intimate that substantial statutory compliance, when combined with actual notice, significantly impacts the propriety of the service. See Nikwei, 822 F.2d at 944-45 (finding that a third party's refusal to accept service satisfied due process as to the defendant, who was aware of the pending

6

litigation); Shamblin, 967 P.2d at 1209-1210 ("It is the totality of the circumstances – not the particular norms of statutory requirements – that dictates the quality of service necessary to safeguard an individual's property interest at stake."); Coulsen v. Owens, 125 P.3d 1233, 1237 (Okla. Civ. App. 2005) (finding no merit in the argument that because the "certified mail delivery was not designated 'restricted,' service [wa]s somehow invalid.").

Here, plaintiff substantially complied with Okla. Stat. tit. 12, § 2004(C)(2)(b). She sent both summonses and complaints by certified mail, return receipt requested, with the one to Musgrove indicating restricted delivery. The Court finds that plaintiff's failure to check the restricted delivery box on the return receipt addressed to Spirits of Hope is inconsequential, because the combined service on Musgrove substantially complied with Oklahoma statute. Moreover, defendants do not assert that they did not receive the summonses and complaints or were unaware of the pending litigation; they assert only that they were not personally served by restricted delivery. Dkt. # 54, at 6. Musgrove stated that L. Vollintine was not an employee of defendants. Musgrove did not, however, identify L. Vollintine, advise why she was in Spirits of Hope's business suite, or state what she did with the summonses and complaints for which she signed. See Dkt. # 48-2, Affidavit of Pauline Musgrove, at 2. Common sense dictates that if Musgrove had not received the summonses and complaints, she most surely would have stated so in her affidavit. Defendants likewise knew of the pendency of the lawsuit because Vincent informed plaintiff's counsel that "the client" would not authorize him to accept service.[8] Dkt. # 54, at 5. Further, the Court agrees with plaintiff that

---

[8] The Court also notes that defendants did not file a reply or otherwise contest the statements made in plaintiff's response and supporting affidavit.

defendants knew or should have known of plaintiff's service on Spirits of Hope's other former board members.

As noted by the Tenth Circuit, "[a] proper mailing of the summons and complaint raises a rebuttable presumption of due delivery to the addressee." Nikwei, 822 F.2d at 941. The moving party must present strong and convincing proof of insufficiency of service to overcome this presumption. Id. "[G]ood service does not depend on whether the signature of the defendant is on the return receipt, but rather on the reasonable probability that the notice reached him." Id. at 945 (internal quotation marks and citation omitted); see Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1981), cited with approval in Timbers Preserve, 999 F.2d at 454 (holding that a defendant's conduct is culpable if he received actual or constructive notice of the filing of the action and intentionally failed to answer). The Court finds that, under the narrow circumstances of this case, defendants have failed to present strong and convincing proof of insufficiency of service. Nowhere do defendants assert that they did not receive the summonses and complaints, that they were unaware of the instant litigation, or that they did not speak with Vincent regarding acceptance of service. More than a reasonable probability exists that defendants had actual notice of the civil action. Therefore, the Court concludes that defendants' conduct does not constitute excusable neglect under Rule 60(b).

### B.  Meritorious Defense

Even if the Court were to find that defendants' culpable conduct did not cause the entry of default judgment, defendants have not asserted a meritorious defense to plaintiff's claims. Gomes, 420 F.3d at 1366 (holding that a bald allegation of a good defense, without factual underpinnings, "will not sustain the burden of the defaulting party" and is a sufficient basis – by itself – to deny

8

Case 4:06-cv-00662-CVE-PJC   Document 55 Filed in USDC ND/OK on 10/12/07   Page 9 of 10

Rule 60(b) relief). Defendants maintain that plaintiff's allegations are time-barred because Hukill failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission or the Oklahoma "Office for Civil Rights." Dkt. # 48, at 2. Notwithstanding the dearth of factual support, the Court finds that defendants' arguments are misplaced. Plaintiff sought relief under section 1981 and Title VI, neither of which requires an administrative filing as a prerequisite to suit. See 42 U.S.C. §§ 1981, 2000d. Defendants appear to confuse plaintiff's claim under Title VI with Title VII's jurisdictional requirements, which have no bearing on this case. Thus, defendants have wholly failed to assert a meritorious defense.

### C.  Prejudice

Defendants do not expressly argue that plaintiff will not be prejudiced if the default judgment is set aside. Instead they assert that the "validity of plaintiff's case is doubtful, and justice will not be served by allowing her to take a default judgment against these defendants." Dkt. # 48, at 8. Even if the Court were to interpret this statement as a lack of prejudice argument, lack of prejudice alone is not a sufficient reason to set aside a default judgment. Timbers Preserve, 999 F.2d at 454; Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc., 837 F.2d 423, 427 (10th Cir. 1988); Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445 (10th Cir. 1983). Therefore, the Court finds that the default judgment was properly entered in this case, and defendants have not carried their burden to show that the default judgment should be set aside.[9]

---

[9]  Plaintiff advances an alternative argument pertaining to the joint and several liability aspect of the default judgment entered against Musgrove, Spirits of Hope, and the remaining defendants. See Dkt. # 54, at 7, 11-12. The Court need not address this argument in light of its conclusion.

9

### III.

Applying the three factors from <u>Timbers Preserve</u>, the Court concludes that the default judgment should not be vacated. Defendants cannot claim that their failure to participate in the pre-judgment proceedings was excusable. Likewise, defendants have not proffered a meritorious defense to plaintiff's claims. Accordingly, defendants will not be rewarded for their opportunistic behavior.

**IT IS THEREFORE ORDERED** that Defendants The Oklahoma Native American Domestic Violence Coalition and Pauline Musgrove's Combined Motion to Set Aside Default Judgment & Brief in Support; and Motion to Stay Enforcement of Default Judgment & to Continue Cost Hearing Set for 9/7/07 (Dkt. # 48) is **denied**.

**IT IS FURTHER ORDERED** that the Court Clerk is hereby directed to reset the cost hearing within five days of this Opinion and Order. The motion to stay enforcement (Dkt. # 50) is therefore **moot.**

**DATED** this 12th day of October, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT